Justice HEARN,
concurring.
I concur in the result reached by the majority and in the reasoning to support it. I write separately to express my disagreement with one statement in the majority opinion.
I am cognizant of our rules of statutory construction and agree with the majority that we are confined to a plain-meaning of the statute. However, I part company with the majority in its conclusion that, “If we were to uphold the court of appeals’ analysis, our decision would render section 20-3-130(B) a nullity.” I find this criticism unwarranted, as I believe the opposite is true. In my opinion, the family court and court of appeals’ interpretation attempts to reconcile the language of the statute with the realities of our mobile society. New people live under the same roof for ninety consecutive *491 days; indeed, I would venture to say that because of their work schedule, none of the members of this Court could be considered to have resided with his or her spouse for ninety consecutive days. While I cannot say that our construction is absurd so as to allow this Court to ignore the plain language, I nevertheless recognize that the practical application of the statute distorts the intent of the General Assembly. As the statute is written, it is virtually impossible to terminate any award of alimony as a result of the continued cohabitation of the supported spouse. Therefore, although I concur with the majority’s analysis and ultimate conclusion, I disagree that the court of appeals’ common-sense application of the statute would render it a nullity.
KITTREDGE, J., concurs.